UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


BRIGGS ET AL.                              CIVIL ACTION

VERSUS                                     NO: 12-2145

PHEBUS ET AL.                              SECTION: "J" (4)

                          **ORDER AND REASONS**

Before the Court are Defendants Sheriff Daniel Edwards and Deputy William Phebus's **Motion to Dismiss (Rec. Doc. 5)** and Plaintiffs Willene Briggs and Kim Brumfield's opposition thereto **(Rec. Doc. 6).** Defendants' motion is set for hearing on November 21, 2012, on the briefs without oral argument. Having considered the motion, the parties' legal memoranda, the record, and the applicable law, the Court finds that the Defendants' motion should be **GRANTED in part** and **DENIED in part** for the reasons set out more fully below.

                **PROCEDURAL HISTORY AND BACKGROUND FACTS**

This is action arises out of survival, wrongful death, and emotional distress claims brought under 42 U.S.C. § 1983.[1] On

---

[1] Plaintiffs assert that their claims are brought under 28 U.S.C. § 1983, however, there is no such statute in the United States Code. Therefore, the Court, giving the Plaintiffs the benefit of the doubt, construes their pleadings

1

August 21, 2011, Plaintiffs Willene Briggs ("Ms. Briggs") and Kim Brumfield ("Ms. Brumfield") filed the instant suit naming Sheriff Daniel Edwards ("Sheriff Edwards") and Deputy William Phebus ("Deputy Phebus") as Defendants. (Rec. Doc. 1)

In their complaint, Plaintiffs allege that Ms. Briggs is the mother of Cjavar "Dee Jay" Galmon ("Mr. Galmon"), who was allegedly shot and killed by Deputy Phebus on August 11, 2012, outside of a club in Tangipahoa Parish. (See generally, Compl., Rec. Doc. 1, pp. 1-6, ¶¶ 3-46) Plaintiffs further aver that Ms. Brumfield is Mr. Galmon's sister. (Compl., Rec. Doc. 1, p. 2, ¶ 3) Plaintiffs contend that the shooting was unprovoked and occurred during a situation which did not necessitate the use of deadly force. (Compl., Rec. Doc. 1, p. 3, ¶¶ 13 - 17) Plaintiffs assert that after the shooting occurred, Deputy Phebus and the other officers at the scene did not render life-saving emergency care to Mr. Galmon, did not allow the medical professionals who witnessed the shooting to administer care to Mr. Galmon, and did

---

to have been brought under 42 U.S.C. § 1983, under which individuals may bring claims for a deprivation of rights. See Ledee v. Louisiana ex rel. Louisiana Dept. of Pub. Safety & Corr., No. 34, 2012 WL 676441 (M.D. La. Feb. 29, 2012) ("Given that there is no such part of the United States Code [referring to 28 U.S.C. § 1983], this Court gives the Plaintiff the benefit of the doubt that he was requesting relief under 42 U.S.C. § 1983, which permits such recovery upon a showing of a deprivation of rights.").

not seek other emergency assistance for Mr. Galmon. (Compl., Rec. Doc. 1, p. 4, ¶¶ 22 - 25) Plaintiffs allege that they both arrived to the scene of the shooting shortly after it occurred, and that each Plaintiff witnessed her son/brother suffering physical pain and dying on the ground. (Compl., Rec. Doc. 1, pp. 4-5, ¶¶ 27 - 30) The Plaintiffs report that they were not allowed to render any assistance to and/or to comfort Mr. Galmon. (Compl., Rec. Doc. 1, pp. 4-5, ¶¶ 27 - 30)

Plaintiffs seek damages against Deputy Phebus and his employer, Sheriff Edwards, on Mr. Galmon's behalf as well as on their own behalves. Specifically, Ms. Briggs seeks relief on her own behalf under Louisiana's wrongful death statute, La. Civ. Code art. 2315.1, and on Mr. Galmon's behalf under Louisiana's survival action statute, La. Civ. Code art. 2315.2.[2] Likewise, both Ms. Briggs and Ms. Brumfield seek to recover on their own behalves for the mental anguish and distress caused from viewing Mr. Galmon's suffering and death, La. Civ. Code 2315.6.[3]

On October 19, 2012, before filing a responsive pleading,

---

[2] (Compl., Rec. Doc. 1, pp. 9-10, ¶¶ 59-60) Ms. Briggs seeks recovery under both of these statutes via 42 U.S.C. § 1983, which would give this Court subject matter jurisdiction over her claims.

[3] (Compl., Rec. Doc. 1, p. 10, ¶ 61) Ms. Briggs and Ms. Brumfield seek recovery under this statute via 42 U.S.C. § 1983, which would give this Court subject matter jurisdiction over their claims.

Defendants filed the instant Motion to Dismiss.[4] Plaintiffs responded to the motion on October 30, 2012.

### PARTIES' ARGUMENTS

Defendants argue that Plaintiffs have failed to state a claim, because they did not affirmatively plead capacity. In particular, Defendants assert that in order to bring a suit under 42 U.S.C. § 1983, Plaintiffs must affirmatively show that they are proper plaintiffs in the action. Defendants aver that state law governs who is entitled to recover under 42 U.S.C. § 1983. Defendants contend that under Louisiana law, a parent is only allowed to bring a survival and/or a wrongful death action on behalf of a child "if [the decedent] left no spouse or child surviving." (Rec. Doc. 5-1, p. 1 (quoting La. Civ. Code arts. 2515.1, 2315.2)) Furthermore, Defendants argue that the parent bringing the action "must affirmatively allege that the decedent does not have any surviving" spouse and/or children. (Rec. Doc. 5-1, p. 2) Defendants contend that because Plaintiffs have not alleged that there are no other claimants, their suit should be dismissed.[5]

In response, Plaintiffs assert that under Federal Rule of Civil Procedure 9(a), capacity is assumed until it is

---

[4] Defendants' responsive pleading was due on October 22, 2012. To date, no responsive pleading has been filed.

[5] Defendants also make the same allegations with respect to Ms. Brumfield, Mr. Galmon's sister. Defendants allege that Ms. Brumfield can only bring an action where there are no surviving parents.

affirmatively challenged. Plaintiffs argue that an affirmative challenge to capacity can only be lodged where the defendant presents the court with a "specific denial" that states "supporting facts that are peculiarly within the [opposing] party's knowledge." (Rec. Doc. 6, p. 2 (quoting Fed. R. Civ. Proc. 9(a)(2))) Plaintiffs contend that because Defendants have not provided the Court with supporting facts, their challenge to capacity is insufficient. Furthermore, Plaintiffs also attach two sworn affidavits to their opposition, which state that Mr. Galmon did not have a spouse and/or child.

## DISCUSSION

### A. Legal Standard

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547

(2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

**B.    Applicable Law**

When a plaintiff brings an action under 42 U.S.C. § 1983, courts look to state law to determine who is entitled to recover. Rhyne v. Henderson Cnty., 973 F.2d 386, 390-91 (5th Cir. 1992). Under Louisiana law, survival and wrongful death actions can be brought by a surviving parent only if the decedent "left no spouse or surviving child."[6] Louisiana courts have held that, in order for an inferior beneficiary, i.e. parent and/or sibling, to bring a cause of action for survival and/or wrongful death, the beneficiary must affirmatively negate the existence of primary beneficiaries in his or her pleadings. Trahan v. S. Pac. Co., 209

---

[6] La. Civ. Code arts. 2315.1(2), 2315.2(2). Under Louisiana law, the order for recovery under survival and wrongful death actions is: (1) spouse and child, (2) parent/s if there is no surviving spouse and/or child, and (3) siblings if there is no surviving spouse, child, and/or parent.

F. Supp. 334, 336-7 (W.D. La. 1962) (citing Smith v. Monroe Grocery Co., 171 So. 167 (1936); Horrell et al. v. Gulf & Valley Cotton Oil Co., 131 So. 709 (1930)). The inferior beneficiary's assertion that he or she has the capacity to recover under a survival and/or wrongful death action is a substantive matter, rather than a mere procedural question of pleading.[7]

In the instant case, the Court finds that Plaintiffs' complaint has failed to affirmatively state that there are no primary beneficiaries who can bring a survival or wrongful death action on behalf of the decedent or on the primary beneficiaries' own behalves. As such, the Court finds that Plaintiffs' pleading is deficient, and that Plaintiffs have not properly stated their survival and wrongful death claims. Although the Defendants urge the Court to dismiss Plaintiffs' claims on that basis, the Court finds that the more prudent course of action is to grant Plaintiffs leave to amend their complaint to make a proper showing of capacity, if such a showing can be made.[8] Accordingly,

**IT IS ORDERED** that Defendants' motion is **GRANTED in part** and **DENIED in part**.

---

[7] Trahan, 209 F. Supp. 344, 336-7. Because capacity, as it relates to these causes of action, is deemed a substantive issue rather than a procedural issue, the Court declines to address Plaintiffs' arguments regarding Rule 9(a)'s pleading requirements.

[8] Under Federal Rule of Civil Procedure 15 leave to amend should be freely given.

**IT IS FURTHER ORDERED** that Plaintiffs' claims are **DISMISSED without prejudice**. However, because it appears that the defects in Plaintiffs' pleading can be cured by amendment, Plaintiffs are **GRANTED** leave to amend their pleadings to make a proper showing of capacity under Louisiana Civil Code Articles 2315.1 and 2315.2. Plaintiffs must submit an amended complaint to this Court within twenty-one (21) days of entry of this Order. Failure to amend Plaintiffs' complaint within the required period will result in complete dismissal of Plaintiffs' causes of action for survival and wrongful death.

New Orleans, Louisiana this 26th day of November, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT