UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLENE BRIGGS *ET AL.* | CIVIL ACTION |
| VERSUS | NO: 12-2145 |
| WILLIAM PHEBUS *ET AL.* | SECTION: "J" (4) |

**ORDER AND REASONS**

Before the Court is Willene Briggs, Allen Briggs, Kim Brumfield, and Kendra Pendleton (collectively, Plaintiffs)'s **Motion for Leave for Reconsideration (Rec. Doc. 76)** and Deputy William Phebus, Sheriff Daniel Edwards, and Columbia Casualty Company (collectively, Defendants)'s opposition thereto (Rec. Doc. 91). Plaintiffs' motion was set for hearing on August 28, 2013, on the briefs. This matter is set for trial by jury on May 5, 2014. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Plaintiffs' motion should be **DENIED** for the reasons set forth more fully below.

This action arises out of allegations of civil rights violations under 42 U.S.C. § 1983 *et seq*. ("§ 1983"), as well as

state law survival, wrongful death, emotional distress, and negligence claims resulting from an incident wherein a young man was fatally shot by Deputy Phebus in Tangipahoa Parish. The facts of this case are detailed in the Court's Order & Reasons dated August 7, 2013. (Rec. Doc. 74) Therefore, rather than recount the factual background, the Court will proceed directly to the substance of the instant motion.

Plaintiffs filed a Motion for Leave for Reconsideration (Rec. Doc. 76) seeking reconsideration of a footnote included in the Court's Order & Reasons regarding the Plaintiffs' motion in limine (Rec. Doc. 74), wherein the Court stated that:

> Plaintiffs incorrectly assert their state law survival, wrongful death, and emotional distress claims through 42 U.S.C. § 1983. § 1983 is only a vehicle for relief when a state actor violates a constitutional right or a federal statutory right. Therefore, while Plaintiffs were correct in bringing their excessive force and denial of medical treatment claims under § 1983, their survival, wrongful death, and emotional distress claims should be brought as state law claims along with their negligence claim which was correctly treated as a state law claim in the complaint.

Order & Reasons, Rec. Doc. 74, p. 1.

Plaintiffs argue that "federal jurisprudence supports a legal finding a [sic] survival and wrongful death actions may be properly raised through § 1983 where the complaintant [sic] has standing under the Louisiana state law to assert a survival

and/or wrongful death action." Pl.'s Mot., Rec. Doc. 76-1, p. 1. Plaintiffs claim that they have a right of action under federal law, and that Louisiana state law "merely addresses who had the capacity or right to bring the action." Pl.'s Mot., Rec. Doc. 76-1, p. 2. Defendants oppose the instant motion, noting that Plaintiffs' claims were not dismissed; therefore, Plaintiffs have not suffered a manifest injustice nor have their rights been affected in anyway, making this motion unnecessary.

Plaintiffs' Motion for Leave for Reconsideration was filed on August 8, 2013 which is within twenty-eight days from the order in question; therefore, Plaintiffs' Motion for Reconsideration is treated as a motion to alter or amend under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994); FED. R. CIV. P. 59(e). Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller

v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new

evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

Here, the Court finds that there is nothing to reconsider because the dicta challenged by the Plaintiffs did not "resolve" anything. See Castellanos-Contreras v. Decatur Hotels, L.L.C., No. 06-4340, 207 WL 6867035*1-*2 (E.D. La. 7/19/2007)(Fallon, J.)(noting that a footnote, which was mere dicta, was a preliminary observation only). The Court did not dismiss Plaintiffs' claims or determine that they did not have standing, but rather, the Court attempted to clarify its understanding of federal jurisprudence under § 1983. The Court simply meant to point out that Plaintiffs appear to assert state law survival, wrongful death, and emotional distress claims **and** federal wrongful death claims **through** § 1983, and that according to the Court's understanding of federal jurisprudence, the state law claims need not, and should not, be brought through § 1983. Therefore, not only did the Court not dismiss any claims, it actually pointed out that Plaintiffs might have more claims than were originally pleaded in their complaint.

Moreover, the Court finds that there was no manifest error of law in the footnote, but rather the Court and Plaintiffs simply seem to state the law differently to ultimately come to the same conclusion. Most importantly, the Plaintiffs should note that the Court **does not dispute** that they may assert a wrongful death claim under § 1983, or that the Plaintiffs may assert various state law claims, but rather the Court merely clarified which laws would apply later on in the proceedings.

The very passage quoted in Plaintiffs' motion states that § 1983 provides relief for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Pl.'s Mot., Rec. Doc. 76-1, p. 1 citing 42 U.S.C. § 1983. It is well-settled that this statute applies when a party has been deprived of a **federal right**. See Kentucky v. Graham, 473 U.S. 159, 166-167 (1985); Goodman v. Harris, 571 F.3d 388, 395 (5th Cir. 2009) Therefore, § 1983 only applies where a federal statutory right or a federal constitutional right has been violated. See Maine v. Thiboutot, 448 U.S. 1, 4, 10 (1980). Then, if*, and only if,* such a federal right has been violated, courts have determined that any person who may bring a wrongful death and/or survival action under state law may bring a § 1983 action for relief from such violations of federal rights. Rhyne

v. Henderson Cnty., 973 F.2d 386, 390 (5th Cir. 1992).

Thus, as the Court noted in the challenged footnote, inasmuch as Plaintiffs assert that Defendants applied excessive force and failed to provide adequate medical treatment, in **violation of the Fourth Amendment of the United States Constitution**, Plaintiffs are correct in bringing these claims through § 1983. In contrast, inasmuch as Plaintiffs bring **state law claims**, such as their claims for emotional distress, the claims do not implicate a violation of a federal right, thus they stand alone and are governed by Louisiana state law, namely Louisiana Civil Code Articles 2315.1, 2315.2 and 2315.6. See Kipps v. Caillier, 197 F.3d 765, 767 (5th Cir. 1999) (treating claim under La. Civ. Code. Art. 2315.6 as a separate state law claim independent from the plaintiff's federal civil rights claim.)

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Leave for Reconsideration (Rec. Doc. 76)** is **DENIED**.

New Orleans, Louisiana this 29th day of August, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT COURT