UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIGGS, et al                          CIVIL ACTION

VERSUS                                 NO: 12-2145 c/w
                                       13-5335 & 13-5342

                                       **APPLIES TO 13-5342**

PHEBUS, et al.                         SECTION: "J" (4)

<u>**ORDER & REASONS**</u>

Before the Court is Plaintiff Carl Galmon, Sr. ("Mr. Galmon")'s <u>**Motion for Reconsideration**</u> **(Rec. Doc. 135)** and Defendants Lieutenant Steven Redmond ("Lt. Redmond") and Sheriff Daniel Edwards ("Sheriff Edwards") (collectively, "Defendants") opposition thereto.[1] Plaintiff's motion was set for hearing on December 18, 2013, on the briefs. Having reviewed the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED IN PART AND DENIED IN PART.**

---

[1] Defendants filed a motion for leave to file an untimely opposition on December 11, 2013. (Rec. Doc. 145). The motion is hereby **GRANTED**.

## LEGAL STANDARD & DISCUSSION

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dept. of Agric., 211 F.3d 959, 962 (5th Cir. 2000). If such a motion is filed within 10 days of the order[2] it is considered under the standards of a Rule 59(e) Motion to Alter or Amend Judgment. Tex. A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 401 (5th Cir. 2003). "A Rule 59(e) motion calls into question the correctness of a judgment." Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Id. The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Id.   Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).  Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not

---

[2] The ten day deadline for motions to alter or amend pursuant to Federal Rule of Civil Procedure Rule 59(e) expired on a Saturday; therefore, the Court will consider the following Monday as the actual deadline. See Fed. R. Civ. Pro. 6(a)(1)(C). Thus, the instant motion will be considered as a Rule 59(e) motion.

previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In the instant motion, Mr. Galmon asks the Court to reconsider its Order dated November 6, 2013 wherein it granted Defendants' motion to dismiss in part. (Rec. Doc. 134) In doing so, he has not produced any new facts, and the majority of his arguments simply rehash arguments that the Court rejected on original hearing. However, in reviewing the order at issue, the Court noted that it failed to consider that Plaintiff could potentially state a claim for individual liability against Lt. Redmond and Sheriff Edwards for excessive force under the theories that Sheriff Edwards failed to train and/or supervise Lt. Redmond and that Lt. Redmond failed to train and/or supervise Deputy William Phebus ("Deputy Phebus").

A plaintiff states an individual claim for a failure to supervise or train if: (1) the supervisor either failed to supervise or train the subordinate official, (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and (3) the failure to train or supervise amounts to deliberate indifference." Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011) (internal citation omitted). The "deliberate indifference" standard requires proof of a pattern of

behavior. <u>Id.</u>

In his complaint, Mr. Galmon alleges that Deputy Phebus had a history of applying excessive force, thus his supervisor, Lt. Redmond, should have known to supervise him more closely, to train him more thoroughly, or both. These allegations, as they are currently pled, are conclusory and insufficient to overcome Defendants' motion to dismiss; however, Plaintiff should have been granted leave to amend his Complaint to flesh out the pertinent allegations. In regards to Sheriff Edward's failure to train and/or supervise Lt. Redmond, Plaintiff does not allege any pattern of behavior at all; however, Plaintiff will be allowed to amend his complaint on this issue as well. Therefore, the Court will grant Plaintiff leave to amend his Complaint to expand upon the allegations pertinent to a claim against Sheriff Edwards for his failure to train and/or supervise Lt. Redmond and against Lt. Redmond for a failure to train or supervise Deputy Phebus.[3]

Additionally, considering the recent compromise between the

---

[3] The Court emphasizes that, in making this alteration, it does not alter any of the substantive reasoning contained in its Order of November 6, 2013. (Rec. Doc. 134) Rather, this order solely reflects the Court's failure to address the two narrow issues discussed herein. By making this alteration, the Court in no way accepts Plaintiff's arguments that the installation of an aftermarket trigger creates liability for excessive force. Further, the Court points out that it continues to refrain from ruling on the failure to train and/or supervise claim as it relates to Sheriff Edwards's relationship with Deputy Phebus because this issue was not included in Defendants' motion to dismiss. (Nov. 6, 2013 Order, Rec. Doc. 134, p. 20) (dismissing all § 1983 claims against Sheriff Edwards based on his action or inaction **with respect to Lt. Redmond**)(emphasis added).

related Briggs Plaintiffs[4] and Defendants, and the subsequent dismissal of those claims, the Court will administratively close case number 12-2145, in which Mr. Galmon is an intervening plaintiff. As such, for ease of case management and to streamline the issues pending before the Court, Plaintiff is ordered to amend his complaint in case number 13-5342 to include any allegations that he wishes to carry over from case number 12-2145.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Reconsideration (Rec. Doc. 135)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff has twenty-one (21) days to amend his complaint to (1) flesh out his claim(s) for individual liability against Lt. Redmond and Sheriff Edwards for excessive force under the theory that Lt. Redmond failed to train and/or supervise Deputy Phebus and that Sheriff Edwards failed to train and/or supervise Lt. Redmond, and (2) include any allegations in case number 13-5342 that Plaintiff wishes to carry over from case number 12-2145. Plaintiff is cautioned that the Court's granting of leave to amend is not a license to either add new claims or to re-litigate issues dismissed by previous orders of this Court. Failure to timely amend the complaint will result in dismissal of the

---

[4] The "Briggs Plaintiffs" are comprised of Willene Briggs, Allen Briggs, Kendra Pendleton, and Kim Brumfield. The Briggs Plaintiffs filed the original Complaint in this matter (case number 12-2145), and Mr. Galmon intervened in that suit. Later, Mr. Galmon filed another complaint containing the allegations against Lt. Redmond and Sheriff Edwards that are at issue in this motion (case number 13-5342).

claims discussed above.

New Orleans, Louisiana this 23rd day of December, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE