## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLENE BRIGGS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2145** |
| **DEPUTY WILLIAM PHEBUS, ET AL.** | **SECTION: "J" (4)** |

### ORDER

Before the Court is Plaintiff, Carl Galmon, Jr.,[1] ("Galmon") **Plaintiff's Motion for Leave to Take Additional Depositions in Complex Case (R. Doc. 191)**, seeking to have the Court authorize and / or order twelve additional depositions in this matter. The motion is unopposed, but Defendants, Lietenant Stephen Redmond, Deputy William Phebus, Sheriff Daniel Edwards and Columbia Casualty Company (collectively "Defendants") have filed a Motion to Quash and/or for Protective Order and a Supplemental and Amended Motion to Quash and for Protective Order, respectfully. *See* R. Doc. 199, 224. Therefore, this Order shall also address Defendants' motions, as it requests this Court quash and / or grant a protective order regarding the same depositions Galmon seeks to compel. The motion was heard on the briefs on Wednesday, March 12, 2014.

I.      **Background:**

This action arises out of the death of Cjavar "Dee Jay" Galmon ("Dee Jay").  *See* R. Doc. 1. Plaintiffs, Willene Briggs, Kim Brumfield, Kendra Pendleton, and Allen Briggs, (collectively "Plaintiffs") brought this action, asserting allegations of civil rights violations under 42 U.S.C. § 1983, a state-law survival action, wrongful death, emotional distress, and negligence claims, that purportedly occurred as a result of Defendant, Deputy William Phebus' alleged intentional use of excessive force. *See* R. Doc. 18, 74, 79-1.

---

[1]On December 17, 2013,this Court issued an Order of Dismissal, providing that all claims brought by Plaintiffs Willene Briggs, Kim Brumfield, Kendra Pendleton and Allen Briggs were dismissed upon the parties having reached a settlement. *See* R. Doc. 148. Therefore, the only remaining plaintiff is Carl Garmon, Sr.

Plaintiffs allege that Dee Jay was shot and killed by Deputy Phebus on August 11, 2012, outside of a club ("Club 41") in Tangipahoa Parish. *See* R. Doc. 1. Plaintiffs contend that the shooting was unprovoked and occurred during a situation which did not necessitate the use of deadly force. *Id.* Plaintiffs also contend that Defendant and the other officers at the scene did not provide, allow, or seek other life-saving emergency care for Dee Jay. *Id.*

As to the instant motion, Galmon seeks an Order from this Court permitting it to authorize taking the following depositions: Roger Enoka, a defense expert on involuntary muscle contractions causing involving involuntary discharge of a gun; George Ambruster, a defense expert on police procedure; Travis Haley, a developer of the after-market trigger; Defendant, Deputy William Phebus ("Deputy Phebus"); Plaquemines Parish Sheriff's Office; Rashondria Self,  Jena Self, and Theresa Miller, three witnesses whose accounts of the shooting contradict the deputies' story;  Chrystal Conn and Kori Costa, Acadian Ambulance EMTs at scene of shooting; Morris & McDaniels, Inc., psychologists, and police testing firm; and Trooper Oliver Jackson, Louisiana State Police, head investigator of the incident. *See* R. Doc. 191, p. 1-2.

Although Defendants failed to oppose Galmon's motion, they filed a **Supplemental and Amended Motion to Quash and for Protective Order (R. Doc. 199, 224)** seeking this Court issue a protective order pursuant to Fed. R. Civ. P. 26(c), and / or to quash any pending subpoenas Galmon issued under Rule 45. Defendants argue that because Galmon already took more than ten depositions and failed to seek leave of court before noticing the additional depositions, he is in violation of Fed. R. Civ. P. 30(a)(2)(A)(I), which provides that a party must obtain leave of court to take additional depositions if the taking of those depositions would make the side the party is affiliated with to have taken more than ten depositions. *See* R. Doc. 224, p. 3.

## II.    Standard of Review:

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial

if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c)(1).  Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*,No., No. 99-1318, 1999 U.S. Dist. LEXIS 11450, at *6-7, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

"Generally, a party may obtain a deposition simply by serving a notice or subpoena" without first seeking leave of court.  *Kleppinger v. Texas Dept' of Transp.*, 283 F.R.D. 330, 332 (S.D. Tex. 2012); citing *Keck v. Union Bank of Switz.*, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997); Fed.R.Civ.P. 30(a)(1). However, under Rule 30(a)(2), a party must obtain leave of court to depose a witness under certain circumstances, including but not limited to when the parties have not stipulated to the deposition, and "when the deponent has already been deposed in the case." *See* Fed.R.Civ.P. 30(a)(2)(A)(ii). *See also Kleppinger*, 283 F.R.D. at 332.

Courts have typically "reopened a deposition 'where a witness was inhibited from providing full information at the first deposition' or 'where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition.'" *Kleppinger*, at 332; *Keck*, 1997 WL 411931, at *1 (citation omitted). However, "where the deposition is reopened because of newly discovered information, the questioning of the witness is limited to those questions relating to the newly produced information. *Id.* at 333; *Ganci v. U.S. Limousine Serv., Ltd.*, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (citations omitted). Therefore, the lack of a party's diligence in

obtaining information "before the initial or first deposition may result in a court denying leave to conduct a second deposition." *Id. See Fresenius Med. Care Holdings, Inc. v. Roxane*, 2007 WL 764302, at *2 (S.D.Ohio March 9, 2007) (citing *Lowery v. Noble Drilling Corp.*, 1997 WL 675328 (E.D.La. Oct. 29, 1997)).

III.     **Analysis**:

   A.      **Deposition of Deputy Phebus**

Galmon seeks to compel the deposition of Deputy Phebus, which was already granted by this Court's Order on February 19, 2014. *See* R. Doc. 189. Therefore, Galmon's request as to Phebus is denied as moot.

   B.      **Remaining Depositions**

The Court issued a Scheduling Order in this matter on February 21, 2013, setting a discovery deadline in this matter as March 10, 2014. *See* R. Doc. 20. This Scheduling Order also indicated that deadlines may only be extended by the Court **"upon a showing of good cause."** *Id.* at p. 2. On February 19, 2014, Galmon sought a continuance of the discovery deadline in this matter. *See* R. Doc. 193. On February 21, 2014, this Court denied Galmon's request. *See* R. Doc. 203. As a result, the discovery deadline in this matter expired on March 10, 2014.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may only be modified "for good cause and with the judge's consent." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 492-93 (S.D. Tex. 2009). The Fifth Circuit has explained that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id. citing S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, *NA*, 315 F.3d 533, 535 (5th Cir.2003) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990)).

In other words, the party who seeks to modify a scheduling order deadline must show that, despite acting diligently, it will still be unable to meet that deadline. *Hernandez,* at 493; *Rivera v. County of Willacy*, 2007 WL 1655303, *1 (S.D.Tex. June 6, 2007). In the context of an untimely "motion to submit expert reports, designate experts, [] amend the pleadings, [or complete discovery] the Fifth Circuit Court of Appeals applies a four-factor balancing test to determine whether good cause

exists: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice." *Hernandez,* at 493; *see e.g., Reliance Ins. Co. v. La. Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir.1997) (submit expert reports); *see Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990) (designate expert witnesses); *see S & W Enters., LLC*, 315 F.3d at 536 (amend the pleadings). *See United States v. McFerrin,* 2007 WL 4353709, *1 (S.D.Tex. Dec. 11, 2007) (the Court utilized the four-part test in the context of a motion to reopen discovery); (citing *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir.2003)); *see also Carmona v. Carmona*, 2006 WL 3839851, *3-4 (S.D.Tex. Dec. 8, 2006) (citing *Hawthorne Land Co. v. Occidental Chem. Corp*., 431 F.3d 221, 227 (5th Cir.2005)).

Here, Galmon presents the Court with no evidence as to why he failed to timely depose or seek leave to take the following twelve depositions: Roger Enoka, a defense expert on involuntary muscle contractions causing involving involuntary discharge of a gun; George Ambruster, a defense expert on police procedure; Travis Haley, a developer of the after-market trigger; Plaquemines Parish Sheriff's Office; Rashondria Self, Jena Self, and Theresa Miller, three witnesses whose accounts of the shooting contradict the deputies' story; Chrystal Conn and Kori Costa, Acadian Ambulance EMT's who were at the scene of the shooting; Morris & McDaniels, Inc., psychologist and police testing firm; and Trooper Oliver Jackson of the Louisiana State Police, the head investigator of the incident. *See* R. Doc. 191, p. 1-2.

Furthermore, Galmon also failed to indicate why he waited until late February, 2014 to seek Court intervention in aiding discovery in this matter. Rather, Galmon states summarily that the twelve additional depositions he wishes to take will help him factually with "a large number of witnesses in this action, [as they will help him] to ensure authentication and foundation for admission of exhibits at trial, overcome evasions by defense witnesses on several facts [he] know[s] to be true." He also states that these depositions will help him to "disprove several arguments defendants are making, and depose two expert witnesses whose reports defendants produced last week." *See* R. Doc. 191-1, p. 2.

Galmon intervened in this action on April 26, 2013, and has had almost a year from his intervention to seek relief from this Court before the March 10, 2014, discovery deadline to request

the taking of the above additional depositions. However, Galmon failed to do so. As a result, the Court finds that Galmon has failed to establish good cause exists to justify modification of the deadlines set by this Court. Therefore, Galmon's request for leave to take additional depositions is hereby **DENIED**.

        **C.**      **Defendants' Motion to Quash and for Protective Order**

Although Defendants failed to oppose Galmon's motion, they filed a **Supplemental and Amended Motion to Quash and for Protective Order (R. Doc. 199, 224)** requesting the issuance of a protective order pursuant to Fed. R. Civ. P. 26(c), and / or to quash any pending subpoenas Galmon issued under Rule 45.

Defendants argue that because Galmon already took more than ten depositions and failed to seek leave of court before noticing the additional depositions, he is in violation of Fed. R. Civ. P. 30(a)(2)(A)(I), which provides that a party must obtain leave of court to take additional depositions if the taking of those depositions would make the side the party is affiliated with to have taken more than ten depositions. *See* R. Doc. 224, p. 3.

Because the Court finds that Galmon's motion to compel the depositions of the additional eleven witnesses was denied, the Court hereby finds that Defendants' Supplemental and Amended Motion to Quash and for Protective Order of the same (R. Doc. 199) and (R. Doc. 224) is hereby denied because the matter currently before the Court is actually the motion for leave which Plaintiff filed late.

**IV.**    **Conclusion**

     **IT IS ORDERED** that **Plaintiff's Motion for Leave to Take Additional Depositions in Complex Case (R. Doc. 191)** is **DENIED AS MOOT IN PART** and **DENIED IN PART**.

     **IT IS DENIED AS MOOT** as to Plaintiff's request to depose Deputy Phebus.

     **IT IS DENIED IN PART** as to Plaintiff's request to take eleven additional depositions.

     **IT IS FURTHER ORDERED** that **Defendants' Supplemental and Amended Motion to Quash and for Protective Order (R. Doc. 199) and (R. Doc. 224)** is **DENIED**.

New Orleans, Louisiana, this 18th day of March 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**